*22 By the Court.
Sedgwick, Ch. J.
The plaintiff charged in his complaint, that on May 1, 1865, he and the defendant entered into a copartnership to be continued for ten years ; that the ten years had expired ; that there had been no copartnership accounting, and therefore he demanded judgment for such an accounting. The answer denied that there ever was a copartnership. On the trial the plaintiff swore that articles of copartnership had been made between the defendant and himself; that the latter had signed a counterpart, which he, the plaintiff, had deposited in his desk. The articles, according to plaintiff’s testimony, were drawn by Mr. Comstock, the lawyer, engaged for the purpose of drawing whatever papers were made in the transaction. At the same time, according to the affidavit of plaintiff, used upon the motion for a new trial, articles of partnership between the defendant and one John G-. Betz, under the firm name of Betz & Co., were drawn. Both sets contemplated a partnership term of ten years. Contemporaneously were drawn an agreement and a power of attorney, that constituted the plaintiff the general attorney and superintendent of Betz & Co. Both articles of partnership related to the same business, according to plaintiff’s assertion. The plaintiff’s interest, according to him, was represented by John G-. Betz. John G-. Betz appeared as a partner instead of the plaintiff, because it was agreed and understood that plaintiff’s name should not appear as a copartner, for the reason, that a judgment had been recovered against the plaintiff in the stale of Pennsylvania, for a considerable sum of money, which he was unable to pay. He remained as superintendent for about a year, and then left the business entirely, and after that year did no business in the firm or appear at its place of business, excepting occasionally, from time to time, he would go into the office, and be turned out by the defendant. He swore that from May 1, 1865, to May 1, 1866, he did not represent or hold himself out to be a partner to any outside parties. The only representation that he was a partner, were the arti *23 cíes of copartnership between the defendant and himself, and the opening of the creditors’ ledger, which he testified was entered in the name of himself and the defendant and carried on in that way.” The plaintiff testified that soon after he first left the business, his desk was opened ■without his leave and the articles between himself and the defendant taken therefrom. He called as a witness, the counsel referred to, who testified that he never drew, or were there signed, articles of partnership between plaintiff and defendant, but he did draw the other articles and the agreement referred to, and they were executed. The case generally discloses, that the conduct of the plaintiff for many years was the reverse of that which would be adopted by a man conscious of possessing a right to share in a great amount of profits.
He produced as a witness one Zulich, a former bookkeeper of Betz & Go., who testified that the creditors’ ledger contained a charge which would indicate that the plaintiff had paid one half of the price of certain chattels, which formed a part of the capital of the firm. The witness also testified that there was nothing else in that book to indicate any other partnership in the business.
On the whole case, the learned referee was of the opinion, that it was probably the intention of the parties that the plaintiff should receive from the arrangement that was made some benefit, but not as a partner of the defendant, and that there was no intention, that the defendant should enter into any obligation to the plaintiff. The obligation incurred was performed, if the defendant gave to John 0. Betz his due as a partner; and that whatever interest the plaintiff may have had through John Gr. Betz, must be realized from him. He further said as to the testimony of Zulich : “ The character of this witness, by his own showing, is not the best, and while if the entries were clearly proven, and knowledge of them was brought home to the defendant, they would form an important fink in the plaintiff’s proof, as the evidence upon the subject now stands, without other proof, than that *24 which has been introduced to substantiate the plaintiff’s claim, I do not think it materially strengthens his case.” These remarks show, that the referee was not of the opinion, that if he had thought that Zulich might be behoved, he would have come to any other conclusion than that the remedy the plaintiff might have, if his testimony were true, was against John Gr. Betz and not the plaintiff. The judgment upon the referee’s report was affirmed by a dismissal of an appeal.
The appeal here, is from an order denying plaintiff’s motion for a new trial,' made upon the ground of newly discovered evidence. That evidence is alleged in the plaintiff’s affidavit to be the books, the contents of which Zulich testified to. Such a motion rests in the sound discretion of the court, and is not a matter of absolute right. I am of opinion that the judge properly denied the motion for the following reason: whatever may be those contents, they cannot disturb the testimony of the plaintiff and his witnesses, that by his consent the only relation of partnership which the defendant entered into or was meant to enter into, was with John Gr. Betz and not the plaintiff. These books might tend to show what was intended to be the relation of John Gr. Betz to the plaintiff. This is not the issue. If it were involved, I should be of the opinion that the judge below exercised his discretion properly in refusing to enforce an executory contract in favor of plaintiff, when it appeared that one of the objects of such contract was to defraud his creditor. The defendant does not defend on this ground. But I think it may be regulative of the exercise of discretion. It is proper to keep in mind, however, that the defendant was not called upon to answer as to the nature of the arrangement, if it has been ascertained that no partnership existed between the parties to this action.
Another reason that supports the order is, that the plaintiff was guilty of laches, under the circumstances.
The order should be affirmed with $10 costs.
Van Vorst and Freedman, JJ., concurred.